IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ELMER AMBROCIO-VASQUEZ,

Petitioner,

v. No. 1:26-cv-02465-KG-JFR

MARKWAYNE MULLIN, et al.,

Respondents.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Elmer Ambrocio-Vasquez's Petition for a Writ of Habeas Corpus, Doc. 1, and the Government's Response, Doc. 8. Because Petitioner's challenge presents purely legal questions, the Court declines to hold a hearing, 28 U.S.C. § 2243, and denies the petition without prejudice.

Petitioner, a citizen of Guatemala, entered the United States without inspection or parole in 2016. Doc. 5 at 1–2. U.S. Customs and Border Protection ("CBP") briefly apprehended him but released him. *Id.*

On November 17, 2025, Immigration and Customs Enforcement agents arrested Petitioner. *Id.* He remains detained at the Cibola County Correctional Center and has not been afforded a custody determination hearing. Doc. 1 at 2, 3.

On March 28, 2026, an immigration judge ordered Petitioner removed to Ecuador, or, in the alternative, Honduras. Doc. 5 at 1–2. The Board of Immigration Appeals ("BIA") dismissed Petitioner's appeal of that decision on August 7, 2026. *Id.*

Petitioner now challenges his prolonged detention without a bond hearing under the Immigration and Nationality Act and the Fourth and Fifth Amendments. Doc. 1 at 22–26. He seeks immediate release or, in the alternative, a bond hearing. *Id.* at 26. He also seeks attorney's fees under the Equal Access to Justice Act ("EAJA"). The Government opposes the Petition. *See generally* Doc. 5.

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973). Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis*, 533 U.S. 678 (2001). "[H]abeas relief is available only in the district of confinement." *Gamez Lira v. Noem*, 2025 WL 2581710, at *2 (D.N.M.).

Post-removal detention is generally governed by § 1231(a)(2), which mandates detention "[a]fter entry of a final removal order." *Zadvydas*, 533 U.S. at 683 (citing § 1231(a)(2)). "[T]he Government ordinarily secures" a noncitizen's removal during the 90-day removal period, during which the noncitizen is typically detained. *Zadvydas*, 533 U.S. at 682; *see* 8 U.S.C. § 1231(a)(1). After that, the Government may continue detaining the noncitizen only for as long as is "reasonably necessary" to secure their removal. *Id.*; *see* 8 U.S.C. § 1231(a)(6). A six-month detention period is presumptively reasonable. *Id.* at 701.

Applying these principles, Petitioner's detention is lawful under § 1231. Although Petitioner has been detained since November 2025, the relevant period for purposes of § 1231(a) is the period following the entry of a final removal order. Petitioner's removal order became administratively final on August 7, 2026, when the BIA dismissed his appeal. He has therefore

been detained pursuant to § 1231(a) for two weeks. Accordingly, his detention remains within the six-month period that *Zadvydas* recognized as presumptively reasonable. 533 U.S. at 701.

The Court likewise rejects Petitioner's Fourth Amendment argument. Even assuming Petitioner was arrested without a warrant, the Fourth Amendment does not entitle him to release from custody on that basis. The Supreme Court has squarely held, in the immigration context, that "[t]he 'body' or identity of a defendant or respondent in a criminal or civil proceeding is never itself suppressible as a fruit of an unlawful arrest, even if it is conceded that an unlawful arrest, search, or interrogation occurred." *INS v. Lopez-Mendoza*, 468 U.S. 1032, 1039 (1984). Because an unlawful arrest does not deprive the government of the ability to proceed against Petitioner or to hold him in custody pending removal proceedings, the alleged Fourth Amendment violation provides no basis for release here.

It is therefore ordered that:

- The Petition for a Writ of Habeas Corpus, Doc. 1, is denied without prejudice. Petitioner may file a new habeas petition in the appropriate jurisdiction if circumstances surrounding his detention materially change—for example, if he remains detained beyond the six-month period recognized as presumptively reasonable under *Zadvydas*.
- Petitioner's request for attorney's fees under the EAJA is denied.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales____________________
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.